```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
TERRY L. HINES,

                              Plaintiff,                06-CV-6649T

             v.                                   **DECISION**
                                                   **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                              Defendant.
_____

## **INTRODUCTION**

Plaintiff Terry L. Hines ("Hines") brings this action pursuant to Titles II and XVI of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security ("Commissioner") improperly denied his application for disability benefits.[1] Hines alleges that the decision of an Administrative Law Judge ("ALJ") who heard his case was erroneous because it was not supported by the substantial evidence contained in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law.

---

[1] This case (formerly civil case 04-CV-0800-E(Sr)) was transferred to the Honorable David G. Larimer, United States District Court for the Western District of New York by Order dated December 27, 2006, and then to the undersigned by Order dated January 4, 2007.

**BACKGROUND**

On September 27, 2001, plaintiff Terry L. Hines, at the time a 40 year old former dishwasher and cleaner, reapplied for Social Security disability benefits ("SSDB") and Supplemental Security Income ("SSI") claiming that he had become unable to work as of August 31, 1998, due to a shoulder and wrist injury sustained as a result of a slip and fall at work.  Claimant then suffered a heart attack and had a balloon stent inserted in April 2003.[2]  Hines' application for benefits was denied, as was his request for reconsideration.  Thereafter, plaintiff, represented *pro se*, requested an administrative hearing which was held on October 21, 2003 before ALJ William Pietz.  Despite the ALJ's explanation to plaintiff at his hearing that he was entitled to representation by counsel, plaintiff nonetheless chose to appear *pro se*. (Tr. 25-26). By decision dated January 5, 2004, the ALJ denied plaintiff's application.  Hines filed an appeal *pro se* alleging dissatisfaction with the ALJ's decision without specifying any particular objection. Thereafter, Hines' appeal of the ALJ's decision to the

---

[2]Hines' first applied for benefits in January 1999 and was denied.  ALJ Terence Farrell denied his application in December 1999.  The Social Security Appeals Council denied his request for review in February 2001.  ALJ Pietz incorporated by reference the findings from the December 1999 decision into his decision as the medical records used in Hines' subsequent application were the same.  Hines' medical records referring to his heart attack and updated records regarding his shoulder were obtained and considered by ALJ Pietz prior to his decision.

Social Security Appeals Board was denied, and on October 4, 2004, plaintiff filed this action.

**DISCUSSION**

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monguer v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case *de novo*).  The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted).  Defendant asserts that her decision was reasonable and

is supported in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted in favor of the defendant.

II. The Commissioner's decision to deny Plaintiff benefits is supported by substantial evidence on the record.

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered some shoulder and wrist pain

and complained of infrequent minor chest pain, those conditions did not rise to the level of an impairment under the Social Security Regulations. The ALJ found that the plaintiff's exertional limitations did not allow him to perform the full range of light work, there were a significant number of jobs in the economy that he could perform.

In so holding, the ALJ properly performed the five-step sequential evaluation of plaintiff's condition to determine that plaintiff was not disabled. See 20 C.F.R. §§ 404.1520, 416.920. The ALJ properly determined that the plaintiff was not engaged in substantial gainful employment; that plaintiff had an impairment or combination of impairments that were severe conditions; that plaintiff's shoulder, wrist and chest pain-either alone or in combination with his other impairments-did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; that plaintiff could no longer perform the functions of his previous employment; and that plaintiff retained the functional residual capacity to perform jobs that exist in significant numbers in the national economy. In doing so, the ALJ properly evaluated the medical record, and gave appropriate weight to the opinions of plaintiff's treating physicians and examining physicians.

The assessment of a treating physician is given controlling weight if is "well-supported by medically acceptable clinical and

laboratory diagnostic techniques and [it] is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); see Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003); Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 188 (2d Cir. 1998). The ALJ may not arbitrarily substitute [his] own judgment for the treating physician's competent medical opinion. See Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). The "treating physician rule" does not apply, however, when the treating physician's opinion is inconsistent with the other substantial evidence in the record, such as the opinions of other medical experts. Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); see also Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002).

When the treating physician's opinion is not given controlling weight, the ALJ must consider various "factors" to determine how much weight to give to the opinion. 20 C.F.R. § 404.1527(d)(2). These factors include: (i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the SSA's attention that tend to support or contradict the opinion. (*Id.*). The ALJ must also set forth his reasons for the weight assigned to the treating physician's opinion. (*Id.*).

The record reveals that a shoulder x-ray performed in January 1998 was within normal limits. (Tr. 209). A left wrist x-ray was normal in June 1998. (Tr. 228). An electromyography in May 1999 was also within normal limits. (Tr. 204). An x-ray of the right shoulder taken in May 2001 was unremarkable, but there was some minimal osteophyte formation seen in the radiocarpal joint of the left wrist on x-ray taken at the same time. (Tr. 254, 256). In June 2001 an x-ray of the right elbow was normal and in November of 2001, x-rays of the left wrist and shoulder were both normal. (Tr. 198).

Plaintiff was treated by Dr. Cowan, an orthopedist and hand specialist, from September through December 1998. Dr. Cowan opined that plaintiff had at most a partial disability caused by left wrist tendinitis and that he could perform bimanual work if he avoided excessive gripping and grasping with that hand. (Tr. 17, 229, 233).

Dr. Lesswing, an orthopedic surgeon, examined plaintiff's right upper extremity in October 1998 and reported that his shoulder strain was resolved and there was a full range of motion. (Tr. 17, 238-39).

Dr. Luzi examined plaintiff in July 1999 and opined that Hines had a mild partial disability, a loss of use of his left arm of approximately 15%. (Tr. 243). He stated that a possible Cortisone shot and rotator cuff strengthening exercises were all that

plaintiff needed at that time for his left shoulder. (Tr. 243). Dr. Luzi opined that plaintiff could work with restrictions. (Tr. 243). He could lift up to 50 pounds from the floor and 20 pounds overhead with his left hand but avoid repeated overhead lifting with his left upper extremity. (Tr. 17, 243).

Dr. Ziegler examined plaintiff in November 1999 for his December 1999 disability hearing. (Tr. 201). The examination showed a slight reduction in muscle strength and range of motion in the left arm but a good grip bilaterally; the diagnosis was left shoulder and wrist pain, soft tissue injury. (Tr. 201). Dr. Ziegler supplied a statement that plaintiff was unable to work due to left shoulder soft tissue injury. (Tr. 252). Dr. Ziegler reexamined plaintiff in March 2000 and noted mild bilateral shoulder pain, but full range of motion and strength in the upper extremities. (Tr. 200). Surgery was considered for a left ganglion cyst on his left wrist. (Tr. 200). Dr. Ziegler released plaintiff to return to work without restrictions. (Tr. 200).

Dr. Dutta, a general practitioner, examined plaintiff in May 2001 and noted nothing remarkable. (Tr. 17, 253-58). Plaintiff's range of motion was normal and his grip and manipulation were close to normal on both sides. (Tr. 254). Dr. Dutta opined that plaintiff should be able to sit for one to two hours, stand for at least one hour, walk for three to four blocks, and carry about

10-20 pounds and that plaintiff could do light to moderate physical activity avoiding lifting heavy weights.  (Tr. 17, 255).

Following his April 2003 heart attack, plaintiff was seen at Millard Fillmore Hospital in August and September 2003.  He complained of minor chest and shoulder pain but said he had no problem dealing with it.  (Tr. 16, 339-341).

Substantial evidence exists in the record which supports the ALJ's conclusion that plaintiff was not disabled during the relevant period, and therefore, the Commissioner's decision is affirmed.

## **Conclusion**

Because the court finds that the Commissioner's decision was made in accordance with the applicable law, and was supported by substantial evidence in the record, the court hereby grants judgment on the pleadings in favor of the defendant.  Plaintiff's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

              s/Michael A. Telesca
                MICHAEL A. TELESCA
            United States District Judge

Dated:    Rochester, New York
          January 24, 2007